THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| The Estate of Edward C. Gandy, Jr., by and through its administrator Ad Prosequendum, Shane S. Gandy and Shane S. Gandy, in his own right,<br><br>Plaintiff,<br><br>vs.<br><br>City of Millville, Millville Police Department, Police Chief Jody Farabella, in his individual capacity, Police Officer Colt Gibson, in his Individual Capacity, Cumberland County Guidance Center, Cumberland County Mental Health & Crisis Screening Facility, John and Jane Doe Police Officers 1 through 10 (fictitious individuals) in their individual capacities, John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, all whose true names are unknown,<br><br>Defendants. | **Civil Action**<br><br>INDEX NUMBER |

**NOW COMES**, Plaintiff, by and through the Undersigned Counsel, and hereby brings this Complaint against Defendants as follows:

**INTRODUCTORY STATEMENT**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff of his rights secured by the Constitution and laws of the United States of America.

1

2. On January 22, 2019, Defendants violated the civil rights of Edward C. Gandy, Jr. by using excessive deadly force resulting in his death, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

3. In addition, this action is brought by Plaintiff against Defendants under the New Jersey common tort of negligence and wrongful death, as well as the New Jersey Civil Rights Act.

## JURISDICTION AND VENUE

4. Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.

5. Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6. This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7. This case also arises under the common law and the statutory laws of the State of New Jersey.

8. This Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9. Venue is proper under 28 U.S.C. § 1391 in that the incident took place in, and upon information and belief, the individual Defendants reside in or around the County of Cumberland, State of New Jersey.

## PARTIES

10. Plaintiff, Shane B. Gandy is the duly appointed Administrator of the Estate of his late brother, Edward C. Gandy, Jr.

11. Defendant City of Millville, located at 12 S. High Street, Millville, New Jersey 08332, is a municipality of the State of New Jersey and owns, operates, manages, directs and controls the Millville Police Department.

12. Defendant Millville Police Department, located at 18 S. High Street, Millville, New Jersey 08332, employs several of the named and unnamed Defendants.

13. Defendant Jody Farabella, is, and at all times material hereto, was the Chief of the Millville Police Department. Defendant Farabella is sued in his individual capacity.

14. Defendant Police Officer Colt Gibson is a police officer employed by Defendant, Millville Police Department. Officer Gibson is sued in his individual capacity.

15. At all times relevant hereto, Defendants, Jane and John Doe Police Officers 1 through 10, were fictitious names representing unnamed police officers, employed with the Millville Police Department located at 18 S. High Street, Millville, NJ 08332, who were acting under the supervision of the Millville Police Department and Chief Farabella. These Defendants are sued in their individual capacities.

16. Cumberland County Guidance Center, ("CCGC"), located at 2038 Carmel Road, P.O. Box 808, Millville, New Jersey 08332, provides mental health services to patients in Cumberland County, New Jersey, and provided mental health treatment and care to decedent Edward C. Gandy, Jr. in the days prior to his death.

17. Cumberland County Guidance Center Crisis Screening Mental Health Facility, ("CCGC-CSMHF"), located at Irving and Manheim Avenues, Bridgeton, New Jersey 08302, provides mental health services to patients in Cumberland County, New Jersey, and provided mental health treatment and care to decedent Edward C. Gandy, Jr. in the days prior to his death.

18. Inspira Health Center Bridgeton, Mental Health Unit, ("Inspira Mental Health"), located at 333 Irving Avenue, Bridgeton, New Jersey 08302, provides mental health services to patients in Cumberland County, New Jersey, and provided mental health treatment and care to decedent Edward C. Gandy, Jr. in the days prior to his death.

19. John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, addresses unknown, are believed to have provided mental health treatment and care to decedent Edward C. Gandy, Jr. in the days prior to his death.

## FACTUAL ALLEGATIONS

20. On January 22, 2018, the decedent, Edward C. Gandy, Jr., with a date of birth of July 7, 1971, was a resident of the City of Millville, Cumberland County, with an address of 707 Dock Street, Millville, New Jersey 08332.

21. Prior to January 22, 2018, decedent had a history of mental health issues, including exhibiting suicidal tendencies.

22. Decedent Edward C. Gandy, Jr., was well-known by the Defendant Millville Police Department, Defendant Officer Gibson and other police officers based on his numerous previous encounters with the Millville Police.

23. On January 22, 2018, at approximately 10:45 a.m., the decedent Edward C. Gandy, Jr., was standing in the empty parking lot of the Rite Aid Pharmacy located on the corner of North High and McNeal Streets in the City of Millville.

24. On or about said date and time, a 911 call was placed, and police were dispatched to the location of North High and McNeal Streets.

25. Upon their arrival, at least three Millville police officers, including Defendant Police Officer Colt Gibson, arriving in at least two police cruisers, encountered Edward C. Gandy, Jr.

26. At approximately 10:49 a.m., Millville police officers, including Defendant Police Officer Colt Gibson, discharged their weapons at least three times mortally wounding the decedent.

27. Decedent was transported by ambulance to Inspira Medical Center in Vineland, New Jersey where he was pronounced dead.

28. Decedent's Certificate of Death lists the cause of death as multiple gunshot wounds.

29. In the days prior to January 22, 2018, decedent was discharged from Defendants CCGC, CCGC-CSMHF and Inspira Mental Health.

30. Upon information and belief, Defendants CCGC, CCGC-CSMHF and Inspira Mental Health and/or John Doe Corrections Officer 1 – 10, and John Doe Entities 1 through 10, negligently handled, treated and cared for Edward C. Gandy, Jr., and/or improperly discharged decedent, despite his mental health condition. In doing so, these defendants breached their legal duty to keep Edward C. Gandy, Jr. safe from injury, harm and death.

31. In the events described above, Defendants, Police Officer Colt Gibson and John and Jane Doe Police Officers 1-10 acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Edward C. Gandy, Jr. of his rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

32. The above-described acts and omissions by Defendants John Doe Police Officers 1 through 10, representatives of Defendants CCGC, CCGC-CSMHF and Inspira Mental Health and/or John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, demonstrated a deliberate indifference to and a conscious disregard for the mental health history, prior suicidal

history and/or overall safety of the decedent which they were aware of or should have been aware of, and/or duty to keep Edward C. Gandy, Jr. safe from injury, harm and death.

## FIRST CLAIM FOR RELIEF

## LIABILITY OF THE CITY OF MILLVILE, MILLVILLE POLICE DEPARTMENT AND DEFENDANT CHIEF FARABELLA FOR FEDERAL CONSTITUTIONAL VIOLATIONS

33. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

34. Defendants City of Millville and the Millville Police Department, by and through Defendant Chief Farabella and other policymakers, developed policies and/or customs which caused the deprivation of decedent Edward C. Gandy, Jr.'s constitutional rights.

35. Said policies were inherently deficient, which caused the death of Edward C. Gandy, Jr.

36. Defendants City of Millville and Millville Police Department, by and through Defendant Farabella and other policymakers, negligently, recklessly, and/or intentionally:

    a. failed to properly train and supervise Defendant Police Officer Colt Gibson and Jane and John Doe Police Officers 1 through 10 to maintain a safe and suitable environment, and to keep citizens, residents, and other individuals in the City of Millville free from injury, harm or death; and

    b. failed to properly train and supervise Defendant Police Officer Colt Gibson and Jane and John Doe Police Officers 1 through 10 on the proper use of force, including lethal force, when dealing with public.

37. The deliberate indifference on Defendant City of Millville, Defendant Millville Police Department and Defendant Farabella, as illustrated above, was a proximate cause of the constitutional violations suffered by the defendant, Edward C. Gandy, Jr.

38. The violation of Edward C. Gandy, Jr.'s rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from these Defendants in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff, Shane S. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr. and in his own right, demands judgment against the Defendants City of Millville, Millville Police Department, and Chief Farabella, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SECOND CLAIM FOR RELIEF LIABILITY OF DEFENDANTS POLICE OFFICER COLT GIBSON AND JOHN AND JANE DOE POLICE OFFICERS 1 THROUGH 10 FOR FEDERAL CONSTITUTIONAL VIOLATIONS

39. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

40. At all times hereto, Defendants Police Office Colt Gibson and John and Jane Doe Police Officers 1 through 10 were acting under color of state law as employees of City of Millville and the of Millville Police Department.

41. The actions of Defendants Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10, as set forth above, violated the late Edward C. Gandy, Jr.'s rights under the Eighth and Fourteenth Amendments to be safe from injury, harm or death from the Millville Police.

42. The violations of Edward C. Gandy, Jr.'s rights under the United States Constitutions was the fatal police shooting of Plaintiff's decedent, thereby entitling Plaintiff to

compensatory damages from Defendant Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10 in their individual capacities in an amount exceeding $1,000,000.

43. The actions of Defendants Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10 in their individual capacities were intentional, malicious, willful, wanton, and/or reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.

44. Plaintiff is entitled to recover punitive damages against Defendants Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10 in their individual capacities, in an amount greater than $1,000,000.

45. Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiff, Shane S. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr., and in his own right, demands judgment against Defendants Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF SUPERVISORY LIABILITY OF DEFENDANT FARABELLA UNDER 42 U.S.C. § 1983

46. The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.

47. At all times relevant hereto, Defendant Farabella served as Chief of Police of the Millville Police, in Millville, New Jersey.

48. Plaintiff is informed, believes and therefore alleges that on January 22, 2018, Defendant Farabella was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including the unjustified and

8

improper use of excessive and deadly force by the employees and/or police officers of the Millville Police Department.

49. As such, Defendant Farabella not only directed, encouraged, tolerated, acquiesced to this behavior, but was deliberately indifferent to the likelihood that staff, employees and/or officers of the Millville Police Department would use excessive force and/or deadly force, improperly or without justification, and fail to protect citizens, residents, and others from injury, harm or death perpetuated by police officers and employees of the City of Millville Police.

50. The deliberate indifference of Defendant Farabella to the need for supervision of his staff, employees and/or police officers was a proximate cause of the constitutional violations suffered by the decedent, Edward C. Gandy, Jr.

51. The violation of Edward C. Gandy, Jr.'s rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Farabella in an amount exceeding $1,000,000.

**WHEREFORE**, the Plaintiff, Shane S. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr., and in his own right, demands judgment against Defendant Farabella for compensatory damages, punitive damages, counsel fees and all costs of suit.

**FOURTH CLAIM FOR RELIEF VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1, et seq. LIABILITY OF DEFENDANTS CITY OF MILLVILE, MILLVILLE POLICE DEPARTMENT, DEFENDANT CHIEF FARABELLA, POLICE OFFICER COLT GIBSON AND JOHN AND JANE DOE POLICE OFFICERS 1 THROUGH 10.**

52. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

53. Defendants Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10 were acting under color of law when thereby failing to protect Edward C. Gandy, Jr. from injury, harm or death.

54. The Defendants City of Millville, Millville Police Department and Police Chief Farabella failed to adequately train or otherwise have and maintain effective policies regarding the proper use of excessive and deadly force by employees and police officers of the City of Millville Police Department and to protect employees, citizens and others safe from injury, harm or death in the City of Millville.

55. Defendants City of Millville, Millville Police Department and Police Chief Farabella failed to use the requisite standard of care, subjecting the Plaintiff, Edward C. Gandy, Jr., to the violation of his constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

56. The deliberate indifference of Defendants City of Millville, Millville Police Department and Police Chief Farabella deliberate to Edward C. Gandy, Jr.'s constitutional and civil rights caused the death of Edward C. Gandy, Jr.

57. As a direct and proximate result of Defendants City of Millville, Millville Police Department and Police Chief Farabella's negligence, gross negligence, recklessness and breach of other duties owed to the Plaintiff's decedent, Edward C. Gandy, Jr., the beneficiaries of Edward C. Gandy, Jr. have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

58. The Complaint in this matter has been timely filed pursuant to the applicable laws of the State of New Jersey.

**WHEREFORE**, the Plaintiff, Shane B. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr., hereby demands judgment against Defendants City of Millville, Millville Police Department, Police Chief Farabella, Police Officer Colt Gibson, and John and Jane Doe Police Officers 1 through 10 for the violation of Edward C. Gandy, Jr.'s civil rights and for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, post-judgment interest and counsel fees.

## FIFTH CLAIM FOR RELIEF LIABILITY OF ALL DEFENDANTS
### SURVIVAL ACTION

59. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

60. Defendants City of Millville, Millville Police Department and Police Chief Farabella owed the decedent, Edward C. Gandy, Jr., a duty to use reasonable care in carrying out the lawful duties associated with and required by the City of Millville and the Millville Police.

61. Defendants CCGC, CCGC-CSMHF and Inspira Mental Health and/or John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, had a duty to provide decedent Edward C. Gandy, Jr. with proper treatment and care for his mental health condition and suicidal tendencies while he was in their care, and to keep Edward C. Gandy, Jr. safe from injury, harm and death.

62. Defendants breached their duties when they failed to use reasonable care, and were negligent, reckless, and grossly negligent, directly and proximately causing the death of the decedent Edward C. Gandy, Jr., on January 22, 2018.

63. As a direct and proximate result of the Defendants' breach of duties owed to decedent Edward C. Gandy, Jr., as described above, Edward C. Gandy, Jr., suffered fright and conscious pain and suffering during the time period that he was alive after being shot by the Millville Police.

64. As a direct and proximate results of the Defendants' breach of duty, as described above, the Estate of Edward C. Gandy, Jr. incurred funeral expenses and medical bills.

65. Plaintiff brings a survivor action pursuant to applicable law against the Defendants for the aforementioned expenses, conscious pain and suffering and fright suffered by decedent, Edward C. Gandy, Jr.

**WHEREFORE**, the Plaintiff, Shane B. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr., hereby demands judgment against all Defendants for the survival claims of the decedent for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, and post judgment interest and counsel fees.

### SIXTH CLAIM FOR RELIEF

### LIABILITY OF THE CITY OF MILLVILE, MILLVILLE POLICE DEPARTMENT AND DEFENDANT CHIEF FARABELLA

### NEGLIGENCE

66. The allegation set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

67. Defendants the City of Millville, the Millville Police Department and Chief Farabella had a duty to properly train and supervise Defendant Police Officer Colt Gibson and Jane and John Doe Police Officers 1 through 10 on the proper use of force, including lethal force, when dealing with public, and protecting the public from injury, harm or death.

68. Defendants the City of Millville, the Millville Police Department and Chief Farabella failed to properly train and supervise Defendant Police Officer Colt Gibson and Jane and John Doe Police Officers 1 through 10 on the proper use of force, including lethal force, when dealing with public, and protecting the public from injury, harm or death.

69. As a direct and proximate result of the negligence by the City of Millville, the Millville Police Department and Chief Farabella, Police Officer Colt Gibson and/or John and Jane Does Police Officer 1 through 10, fatally shot Edward C. Gandy, Jr. on January 22, 2018.

70. Plaintiff is entitled to an award of compensatory damages against Defendants City of Millville, Millville Police Department and Chief Farabella in an amount which exceeds $1,000,000.00.

**WHEREFORE**, the Plaintiff, Shane B. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr. and in his own right, demands judgment against the Defendants City of Millville, Millville Police Department and Chief Farabella for damages, counsel fees and all costs of suit.

### SEVENTH CLAIM FOR RELIEF LIABILITY OF CCGC, CCGC-CSMHF INSPIRA MENTAL HEALTH, JOHN DOE CORPORATION 1 through 10, AND JOHN DOE ENTITLES 1 through 10.

### NEGLIGENCE

71. The allegation set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

72. Defendants CCGC, CCGC-CSMHF and Inspira Mental Health and/or John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, had a duty to provide Edward C. Gandy, Jr. with proper treatment and care for his mental health condition and suicidal tendencies while he was in their care, and to keep Edward C. Gandy, Jr., safe from injury, harm and death.

73. Defendants CCGC, CCGC-CSMHF and Inspira Mental Health and/or John Doe Corporations 1 through 10, and John Doe Entities 1 through 10 failed to provide Edward C. Gandy, Jr. with proper treatment and care for his mental health condition and suicidal tendencies while he was in their care, and to keep him safe from injury, harm and death.

74. The negligence by the Defendants CCGC, CCGC-CSMHF and Inspira Mental Health and/or John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, directly and proximately led to decedent's death on January 22, 2018.

75. Plaintiff is entitled to an award of compensatory damages against Defendants CCGC, CCGC-CSMHF, Inspira Mental Health John Doe Corporations 1 through 10, and John Doe Entities 1 through 10 in an amount which exceeds $1,000,000.00.

**WHEREFORE**, the Plaintiff, Shane B. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr. and in his own right, demands judgment against the Defendants CCGC, CCGC-CSMHF, Inspira Mental Health John Doe Corporations 1 through 10, and John Doe Entities 1 through 10 for damages, counsel fees and all costs of suit.

### EIGHTH CLAIM FOR RELIEF

### LIABILITY OF CCGC, CCGC-CSMHF AND INSPIRA MENTAL HEALTH, JOHN DOE CORPORATIONS 1 through 10, AND JOHN DOE ENTITIES 1 through 10

### WRONGFUL DEATH

76. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

77. Defendants CCGC, CCGC-CSMHF and Inspira Mental Health, John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, had a duty to provide decedent Edward C. Gandy, Jr. with proper treatment and care for his mental health condition and suicidal tendencies while he was in their care, and to keep Edward C. Gandy, Jr. safe from injury, harm and death.

78. Defendants CCGC, CCGC-CSMHF and Inspira Mental Health, John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, failed to use the requisite standard of care in providing decedent Edward C. Gandy, Jr. with appropriate care for his mental health condition and suicidal tendencies while he was in their care, and to keep Edward C. Gandy, Jr. safe from injury, harm and death.

79. The deliberate indifference of Defendants CCGC, CCGC-CSMHF and Inspira Mental Health, John Doe Corporations 1 through 10, and John Doe Entities 1 through 10 to Edward C. Gandy, Jr.'s rights caused the death of Edward C. Gandy, Jr.

80. As a direct and proximate result of these Defendants' negligence, gross negligence, recklessness and breach of other duties owed to the Plaintiff's decedent, Edward C. Gandy, Jr., the beneficiaries of Edward C. Gandy, Jr. have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

81. The Complaint in this matter has been timely filed pursuant to the applicable laws of the State of New Jersey.

**WHEREFORE**, the Plaintiff, Shane B. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr. and in his own right, demands judgment against the Defendants CCGC, CCGC-CSMHF and Inspira Mental Health, John Doe Corporations 1 through 10, and John Doe Entities 1 through 10 for damages, counsel fees and all costs of suit.

## NINTH CLAIM FOR RELIEF

## LIABILITY OF DEFENDANTS CITY OF MILLVILE, MILLVILLE POLICE DEPARTMENT, DEFENDANT CHIEF FARABELLA, POLICE OFFICER COLT GIBSON AND JOHN AND JANE DOE POLICE OFFICERS 1 THROUGH 10

### WRONGFUL DEATH

82. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

83. Defendants City of Millville, Millville Police Department, Defendant Chief Farabella, Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10 owed the decedent, Edward C. Gandy, Jr., a duty to use reasonable care in carrying out the lawful duties associated with, and required by the City of Millville and the City of Millville Police.

84. Defendants City of Millville, Millville Police Department, Defendant Chief Farabella, Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10 failed to use the requisite standard of care, subjecting the decedent, Edward C. Gandy, Jr. to the violation of his constitutional rights.

85. Defendants City of Millville, Millville Police Department, Defendant Chief Farabella, Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10's deliberate indifference to Edward C. Gandy, Jr.'s rights resulted in the death of Edward C. Gandy, Jr.

86. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness and breach of other duties owed to the Plaintiff's decedent, Edward C. Gandy, Jr., the beneficiaries of Edward C. Gandy, Jr. have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

87. The Complaint in this matter has been timely filed pursuant to the applicable laws of the State of New Jersey.

**WHEREFORE**, the Plaintiff, Shane B. Gandy, as Administrator of the Estate of Edward C. Gandy, Jr., and in his own right, demands judgment against the Defendants City of Millville, Millville Police Department, Defendant Chief Farabella, Police Officer Colt Gibson and John and Jane Doe Police Officers 1 through 10 for damages, counsel fees and all costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury.

LAW OFFICES OF CONRAD J. BENEDETTO

S://  Conrad J. Benedetto

Conrad J. Benedetto, Esquire
ID No. 031921981
Attorneys for the Estate of Edward C.
Gandy, Jr., by and through its
Administrator Ad Prosequendum,
Shane B. Gandy, and Shane B. Gandy
in his own right.
1615 S. Broad Street
Philadelphia, PA 19148
Laurel Springs, NJ 08021
(215) 389-1900 (Telephone)
cjbenedetto@benedettolaw.com