#18759

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY-CAMDEN DIVISION

| | |
|---|---|
| *Plaintiff*<br>The Estate of Edward C. Gandy, Jr., by and through its administrator Ad Prosequendum, Shane S. Gandy and Shane S. Gandy, in his own right<br><br>vs.<br><br>*Defendants*<br>City of Millville, Millville Police Department Police Chief Jody Farabella, in his individual capacity Police Officer Colt Gibson, in his in his individual capacity, Cumberland County Guidance Center, Cumberland County Mental Health & Crisis Screening Facility, Dr. Victoria Elisulashvili, MD, Christal Hardin, RN, Marie Hasson, M.D., in her individual capacity, Center for Family Guidance, P.C., John and Jane Does Center for Family Guidance, P.C. 1-10 (fictitious individuals), Inspira Inpatient Adult Behavioral Health, Bridgeton, Dr. Stephen Marc Scheinthal, DO, in his individual capacity, Dr. James J. Rogers, DO, in his individual capacity, John and Jane Doe Police Officers 1-10 (fictitious individuals) in their individual capacities, John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, all whose true names are unknown | CIVIL ACTION<br><br>NO.: 1:20-CV-00641-CPO-AMD |

**BRIEF IN SUPPORT OF DEFENDANTS, Stephen Marc Scheinthal, DO and James J. Rogers, DO's, MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2), 12(b)(5), 12(b)(6), and/or FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

Dominic A. DeLaurentis, Jr., Esquire
**ATTY I.D. #: 025291984**
Sharon K. Galpern, Esquire
**ATTY I.D. #: 020211988**
Attorney for Defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO
10 E. Clements Bridge Road
Runnemede, NJ 08078
(856) 380-9200

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS..................................................................................... iii

TABLE OF RULES-STATUTES ......................................................................... vi

STATEMENT OF FACTS ....................................................................................1

LEGAL ARGUMENT ...........................................................................................7

   I.  Plaintiff's Claims As to Defendants, Stephen Marc Scheinthal, DO and
      James J. Rogers, DO, Should Be Dismissed Pursuant to FRCP 12(b)(2)
      For Insufficient Summons Resulting in Lack of In Personam Jurisdiction...................7

   II.  Plaintiff's Claims As to Defendants, Stephen Marc Scheinthal, DO and
       James J. Rogers, DO, Should Be Dismissed Pursuant to FRCP 12(b)(5)
       For Insufficient Service of Process ....................................................................8

   III.  Plaintiff's Claims Should Be Dismissed As to Defendants, Stephen Marc
        Scheinthal, DO and James J. Rogers, DO, Pursuant to FRCP 12(b)(6)
        And/or FRCP 56 For Failure to Comply With the Applicable Two Year
        Statute of Limitations ..................................................................................9

      A.  The Claim Against defendants, Stephen Marc Scheinthal, DO
         and James J. Rogers, DO, Are Barred By the Statute of
         Limitations..........................................................................................9

      1.  Plaintiff's Claims for Survivorship and Negligence Are Barred By
         The Statute of Limitations..................................................................10

      2.  Plaintiff's Claims for Wrongful Death Are Barred By
         The Statute of Limitations..................................................................13

      3.  Plaintiff's Causes of Action as to defendants, Stephen Marc
         Scheinthal, DO and James J. Rogers, DO, Are Not Saved by
         Fictitious Party Pleading ....................................................................14

      4.  Plaintiff's Claims Are Not Saved by FRCP 15 (c ) Relation Back ...........................17

i

IV.  **Plaintiff's Claims Against Defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO, Are Barred For Failure to Meet The Notice Requirements of the New Jersey Tort Claims Act N.J.S.A. 59:8-8 and N.J.S.A. 59:8-9 and Thus Summary Judgment Should be Granted** ...................................................................................**18**

**CONCLUSION:** ..............................................................................................**21**

ii

### TABLE OF CITATIONS

Ayres v. Jacobs & Crumplar
    99 F3d 565, 568 (3d Cir 1996) .................................................................................7

Bernoskie v. Zarinsky,
    344 NJ Super 166 (App Div 2001) ...................................................................14

Burd v. New Jersey Telephone Co.,
    76 N.J. 284 (1978) .............................................................................................11

Burt v. West Jersey Health System,
    339 NJ Super 296 (App Div 2001) ...................................................................22

Chase Securities Corp. v. Donaldson
    325 U.S. 304, 314 65 S. Ct. 1137, 1142 89 L.Ed. 1628, 1635 (1945)..............10

Claypotch v. Heller, Inc.
    360 NJ Super 472, 479-80 (App Div 2003)................................................15,16

David v. Township of Paulsboro
    371 F. Supp 2d 611, 618 (DNJ 2005) ..............................................................19

DD v. UMDNJ
    213 NJ 130, 148-149 (2013) .............................................................................20

Farrell v. Votator Div of Chemetron Corp.
    62 N.J. 111 (1973) ...........................................................................................10

Fassett v. Delta Kappa Epsilon
    807 F2d 1150, 1155 (3d Cir 1986) .....................................................................9

Feinberg v. State
    265 NJ Super 218, 219 (App Div 1993) ...........................................................19

Fernandi v. Strully,
    35 N.J. 434 (1961) ...........................................................................................10

Fuchilla v. Layman,
    210 NJ Sper 574, 577-78 (App Div 1987)........................................................20

Giovine v. Giovine
    284 NJ Super 3, 38 (App Div 1995) ..................................................................16

Greczn v. Colgate-Palmolive
    183 NJ 5, 17-18 (2005) ........................................................................16

Green v. Humphrey Elevator & Truck Co.
    816 F.2d977, 878, n4 (3f Cir 1987) ......................................................9

Guzman v. City of Perth Amboy,
    214 NJ Super 167, 172 (App Div 1986) ................................................19

Hernandez v. St. James Hosp,
    214 NJ Super 538, 542 (App Div 1986) ................................................13

Hill v. Middletown Board of Education
    183 NJ Super 36 (App Div 1982, cert denied, 91 NJ 233 (1982)..........19

Iaconinni v. New Jersey Turnpike Authority,
    236 NJ Super 294, 298 (App Div 1989) ................................................19

Jones v. Moreys Pier, Inc.
    230 NJ 142, 161-164 (2017) ................................................................22

Khorozian v. McCullough
    186 FRD 325 (DNJ 1999)......................................................................9

LeFage v. Jani,
    166 NJ 412 (2001) ..............................................................................14

Lopez v. Swyer
    62 NJ 267, 272 (1973) ...................................................................11,16

Matynska v. Fried,
    175 NJ 51, 53 (2002) ......................................................................15, 16

MCI Telecommunications Corp. v. Teleconcepts,
    71 F.3d 1086 (3d Cir 1995)...................................................................8

Mears v. Sandoz Parms, Inc.
    300 NJ Super 622, 629-30 (App Div 1997)...........................................15

Montanano v. County of Hudson
    2022 NJ Super Unpub LEXIS 1324 (App Div 2022)..............................20

Moran v. Napolitano
    71 N.J. 133 (1976) ..............................................................................10

iv

Petrucelli v. Bohringer
    46 F3d 1298 (3[d] Cir 1995).........................................................................8

Pilonero v. Township of Old Bridge,
    236 NJ Super 529, 532-535 (App Div 1989) .............................................19

Presslaff v. Robins,
    168 NJ Super 543 (App Div 1979) .....................................................13, 14

Wood v. Carpenter,
    101 U.S. 135, 139, 25 L.Ed. 807, 808 (1879) ............................................10

## Table of Rules-Statutes

FRCP 4(F) and (G) ........................................................................................................7

FRCP 4(m) .........................................................................................................8, 9, 17

FRCP 6(b)(2) ................................................................................................................8

FRCP 12(b)(2) .........................................................................................................7, 21

FRCP 12(b)(5) .........................................................................................................8, 21

FRCP 12(b)(6) .........................................................................................................9, 21

FRCP 15(c ) ...............................................................................................................17

FRCP 56 .......................................................................................................................9


N.J.S.A. 2A:31-2 ..........................................................................................................13

N.J.S.A. 2A:31-3 ..........................................................................................................13

N.J.S.A. 2A:14-2 ....................................................................................................10, 13

N.J.S.A. 2A:15-3 ..........................................................................................................10

N.J.S.A. 2A:31-3 ....................................................................................................13, 14

N.J.S.A. 59:8-8 ......................................................................................................18, 21

N.J.S.A. 59:8-8(a) ........................................................................................................19

N.J.S.A. 59:8-9 ............................................................................................18, 19, 20, 21

NJ Ct. R:4:26-4 ......................................................................................................15, 16

#18759

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY-CAMDEN DIVISION

| | |
|---|---|
| *Plaintiff* The Estate of Edward C. Gandy, Jr., by and through its administrator Ad Prosequendum, Shane S. Gandy and Shane S. Gandy, in his own right | CIVIL ACTION NO.: 1:20-CV-00641-CPO-AMD |
| vs. | |
| *Defendants* City of Millville, Millville Police Department Police Chief Jody Farabella, in his individual capacity Police Officer Colt Gibson, in his in his individual capacity, Cumberland County Guidance Center, Cumberland County Mental Health & Crisis Screening Facility, Dr. Victoria Elisulashvili, MD, Christal Hardin, RN, Marie Hasson, M.D., in her individual capacity, Center for Family Guidance, P.C., John and Jane Does Center for Family Guidance, P.C. 1-10 (fictitious individuals), Inspira Inpatient Adult Behavioral Health, Bridgeton, Dr. Stephen Marc Scheinthal, DO, in his individual capacity, Dr. James J. Rogers, DO, in his individual capacity, John and Jane Doe Police Officers 1-10 (fictitious individuals) in their individual capacities, John Doe Corporations 1 through 10, and John Doe Entities 1 through 10, all whose true names are unknown | |

## STATEMENT OF MATERIAL FACTS

1.      This case is a claim for alleged violation of the civil rights of decedent,

Edward Gandy, by the Millville police defendants.  Pendent state law claims have also

been asserted for negligence, survival act and wrongful death against the police

defendants and decedent's mental health providers.  The claim arises from the police

1

involved shooting death of Edward Gandy on January 22, 2018. (Exhibit "D" – Third Amended Complaint).

2.      The initial Complaint was filed January 17, 2020. Moving defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO were <u>not</u> named as defendants. The only fictitious defendants pled were:

> John and Jane Doe Police Officers 1 through 10 (fictitious individuals) in their individual capacities.
>
> John Doe Corporations 1 through 10
>
> John Doe Entities 1 through 10
>
> All whose true names are unknown.

There was no reference to any fictitious individual healthcare provider in the initial complaint (Exhibit "A").

3.      Thereafter, plaintiff filed a First Amended Complaint on August 27, 2020 ( Exhibit "B"). the same John Does were named as in the original Complaint (Exhibits "A" and "B"). Again, there was no reference in the First Amended Complaint to any fictitious individual healthcare provider (Exhibit "B").

4.      Moving defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO were first named in plaintiff's Second Amended Complaint which was filed September 16, 2021 (Exhibit "C"). The moving defendants were never served with the Second Amended Complaint (Exhibits "E" and "F"). The Second Amended Complaint names for the first time "John and Jane Does Center for Family Guidance, PC 1-10 (fictitious individuals)" (Exhibit "C").

5.      Thereafter, plaintiff filed a Third Amended Complaint on November 23, 2021 which is the presently pending Complaint (Exhibit "D").

6.     Moving defendants first notice of this lawsuit was when they were served with the Summons, Third Amended Complaint and a Subpoena dated July 27, 2022. Notably the Summons is not signed by the Clerk nor sealed by the Court. (Exhibits "E" and "F").

7.     The docket reflects Dr. Scheinthal was served July 29, 2022 and Dr. Rogers was served August 2, 2022 316 and 320 days after the Second Amended Complaint was filed on September 16, 2021 (Exhibit "C") and 248 and 252 days after the Third Amended Complaint was filed on November 23, 2021. This is far in excess of the 90 day limit for service set forth in FRCP 4(m).

8.     The administrator of the estate and the plaintiff in this lawsuit Shane Gandy gave sworn deposition testimony on April 6, 2022. In that deposition testimony at pages 55-66 he testified that on the day his brother was shot he and the family believed decedent, Edward Gandy had not received proper mental health treatment which contributed to his death and was aware that the treatment had been rendered to his brother at Inspira, Cumberland County Guidance Center, and the Crisis Center (Inspira Bridgeton). In fact, the family retained counsel to pursue claims within a month or so of his brother's death. The family ultimately changed counsel to present counsel, Conrad Benedetto, Esquire because of disagreement with the first attorney (Exhibit "G", pgs. 55-66).

9.     Attached as Exhibit "H" is the March 15, 2022 Affidavit of Merit of Vivian Chern Schnaidman which, at paragraph 3, 10 (critical of Dr. Scheinthal for November 15, 2017 encounter), 15 (critical of Dr. Rogers for January 11, 2017 encounter) and 19, is critical of the moving defendants.

3

10.     Attached as Exhibit "I" are the typewritten sections of the Inspira chart for the November 15, 2017 emergency room visit detailing Dr. Scheinthal's involvement as criticized by Dr. Schnaidman.  These sections of the Inspira chart are the records of Cumberland County Guidance Center (CCGC).

11.     Attached as Exhibit "J" are the typewritten sections of the Inspira chart from January 9, 2018 to January 17, 2018 clear denoting the involvement of Dr. Scheinthal and Dr. Dr. Rogers in the patient's care as criticized by Dr. Schnaidman in the Affidavit of Merit. Again, these sections of the Inspira chart are the records of CCGC.

12.     Thus plaintiff's cause of action against moving defendants arose on January 22, 2018, the day Edward Gandy was shot and killed.  The Second Amended Complaint was filed on September 16, 2021, three years and 237 days after January 22, 2018.  Service was effectuated on the moving defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO on or about July 27, 2022 which is four years and 186 days.

13.     As set forth in paragraph 13 of Document 98 filed April 8, 2022 and the attachment to same (Exhibit "K"), the Inspira records which contain Exhibits I and J detailing moving defendants' care of decedent were not requested by plaintiff's family or plaintiff's counsel at any time from February 1, 2017 to December 7, 2020.  These records would also be contained within the records of CCGC.

14.     Defendant, Dr. Scheinthal has executed a Certification outlining his employment through Rowan University (Exhibit "E"). Defendant, Dr. Rogers has also executed a Certification outlining his employment through Rowan University (Exhibit "F").

4

15.     As this Court is well aware, Rowan University (hereinafter "Rowan") is a public and/or State entity.

16.     During all relevant treatment times defendant, Stephen Marc Scheinthal, DO and James J. Rogers, DO were solely employed by Rowan University, and, therefore the State. (Exhibits "E" and "F").

17.     During all relevant treatment times Rowan University had an agreement under which Rowan supplied physicians to Cumberland County Guidance Center (CCGC) to care for its patients. (Exhibits "E" and "F").

18.     During all relevant treatment times moving defendants only received their paychecks from Rowan University. (Exhibits "E" and "F").

19.     During all relevant treatment times moving defendants were bound by the policies, procedures and guidelines set forth by Rowan University for its employees. (Exhibit "E" and "F").

20.     Moving defendants never received any compensation from CCGC for the services provided to its patients. (Exhibit "E" and "F").

21.     As part of their employment with Rowan University, moving defendants were provided with medical malpractice coverage as governed by the New Jersey Tort Claims Act. (Exhibit "E" and "F").

22.     As part of their employment with Rowan University, moving defendants maintained a policy of health insurance through said entity. (Exhibit "E" and "F").

23.     While treating CCGC patients as a Rowan physician, during all relevant treatment times, moving defendants worse an ID badge, which displayed the logo of Rowan University School of Osteopathic Medicine. (Exhibits "E" and "F").

24.     While treating CCGC patients as a Rowan physician, during all relevant treatment times, moving defendants wore a white lab coat bearing a patch of the Rowan University School of Osteopathic Medicine. (Exhibit "E" and "F").

25.     While treating CCGC patients as a Rowan physician, during all relevant treatment times, moving defendants never wore any professional attire indicating that he was employed by or affiliated with Inspira.  (Exhibit "E" and "F").

26.     Given the foregoing, defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO were State of New Jersey employees at the time of the alleged malpractice.

27.     Consequently, moving defendants are entitled to the protections of the New Jersey Tort Claims Act.

28.     Pursuant to N.J.S.A. 59:8-8, the deadline for plaintiff to have filed the requisite Notice of Claim, was April 23, 2018 (90 days from January 22, 2018).

29.     To date, plaintiff has not served a requisite Notice of Claim.

30.     Pursuant to N.J.S.A. 59:8-9, the deadline for plaintiff to have filed a Motion for Leave to File a Late Notice of Claim was January 22, 2019 (one year form the accrual date of January 22, 2018).

31.     No such motion has been filed to date.

## LEGAL ARGUMENT

I.   **PLAINTIFF'S CLAIMS AS TO DEFENDANTS, Stephen Marc Scheinthal, DO and James J. Rogers, DO, SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(2) FOR INSUFFICIENT SUMMONS RESULTING IN LACK OF IN PERSONAM JURISDICTION**

FRCP 4(F) and (G) requires that the Summons which accompanies service of the Complaint be signed by the clerk and bear the Court's seal. The Summons served on defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO were not signed by the clerk nor did they bear the court's seal (Exhibits "E" and "F" attachments).

It is well settled that "The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant." Ayres v. Jacobs & Crumplar, 99 F3d 565, 568 (3d Cir 1996). A Summons issued by the plaintiff's attorney is a nullity. Id. at 569. As the Ayers Court further explained:

> The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case. The parties cannot waive a void summons. A district court must not only have subject matter jurisdiction over the litigation before it, but also personal jurisdiction over the defendants. A court may not go through the sterile exercise of acting in a vacuum to adjudicate a legal dispute. It must have parties as well as a nature controversy. In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction. Notice of a claim is not sufficient. Ayers, supra at 569.

The Ayers Court held that "Upon proper motion, or if the defendant raises the mater in the responsive pleading, such suit should be dismissed under Fed. R. Civ. P. 12(b)(2)". This relief is sought by the moving defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO.

7

II.   **PLAINTIFF'S CLAIMS AS TO DEFENDANTS, Stephen Marc Scheinthal, DO and James J. Rogers, DO SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(5) FOR <u>INSUFFICIENT SERVICE OF PROCESS</u>**

FRCP 4(m) sets forth the Time for Limit for Service and provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In <u>Petrucelli v. Bohringer</u>, 46 F3d 1298 (3d Cir 1995), Rule 4(m) was construed to require a court to extend time if good cause is shown and to allow the court discretion to dismiss or extend time if good cause is not shown. The Court in <u>MCI Telecommunications Corp. v. Teleconcepts,</u> 71 F.3d 1086 (3d Cir 1995) defined "good cause" for Rule 4(m) purposes as follows:

> We have equated 'good cause' with the concept of 'excusable neglect' of <u>Federal Rule of Civil Procedure 6(b)(2),</u> which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules. Thus, while the prejudice may be 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place. <u>Id</u> at 1097 (citation and footnote omitted).

In the case presently before the Court, moving defendants were joined by way of Second Amended Complaint filed September 16, 2021. Moving defendants to date have not been served with the Second Amended Complaint. Instead, on or after July 27, 2022 moving defendants were served with the Third Amended Complaint. This was 324 days after the Second Amended Complaint was filed on September 16, 2021 and 246 days after the Third Amended Complaint was filed on November 23, 2021. This is well in excess of the 90 day limit

8

of FRCP 4(m) with no justifiable basis or excuse. Furthermore, moving defendants are

prejudiced because review of the docket reflects that discovery appears to be almost complete

with moving defendants not having an opportunity to participate.

Therefore, it is respectfully requested that the Court exercise its discretion and dismiss

plaintiff's Complaint as to defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO.

Even though the dismissal would be without prejudice, it would be a final disposition as

plaintiffs would be precluded from refiling their Complaint due to the expiration of the statute of

limitations. See, Khorozian v. McCullough, 186 FRD 325 (DNJ 1999); Fassett v. Delta Kappa

Epsilon, 807 F2d 1150, 1155 (3d Cir 1986); Green v. Humphrey Elevator & Truck Co, 816 F.2d

877, 878, n.4 (3d Cir 1987).

### III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS TO DEFENDANTS, Stephen Marc Scheinthal, DO and James J. Rogers, DO, PURSUANT TO FRCP 12(b)(6) and/or FRCP 56 FOR FAILURE TO COMPLY WITH THE APPLICABLE TWO YEAR STATUTE OF LIMITATIONS

#### A. The Claims Against defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO, Are Barred By the Statute of Limitations

This claim is one for malpractice by decedent's mental health providers arising

from his death on January 22, 2018 when shot by police. Moving defendants were first joined

in this lawsuit by Second Amended Complaint filed September 16, 2021. Moving defendants

first received notice of this suit when served on or after July 27, 2022. The allegations in the

presently pending Third Amended Complaint against moving defendants are 5th Claim- Survival

Action, Seventh Claim – negligence, and Eighth Claim – Wrongful death.

9

1.   **Plaintiff's Claims for Survivorship and Negligence Are
     Barred by the Statute of Limitations**

The Survival Act Statute, N.J.S.A. 2A:15-3 allows the executor or administrator

to proceed with an action to recover damages 2A:15-3 allows the executor or administrator to

proceed with an action to recover damages "as their testator or intestate would have had if he

were living". N.J.S.A. 2A:14-2 provides as follows:

> Every action at all for an injury to the person caused by the
> wrongful act, neglect, or defraud of and person within the State
> shall be commenced two years after the cause of any action shall
> have accrued.

The Statute makes clear that any negligence action, which includes actions based on

medical malpractice must be commenced within two years. Moran v. Napolitano, 71 N.J. 133

(1976). In Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973), the Court explained:

> Statutes of Limitations are designed to stimulate litigants to pursue their causes of
> actions diligently and "to spare the Court from litigation of stale claims". Chase
> Securities Corp. v. Donaldson, 325 U.S. 304, 314 65 S. Ct. 1137, 1142 89 L. Ed.
> 1628, 1635 (1945). The penalized dilatoriness can serve as measures of repose.
> Wood v. Carpenter, 101 U.S. 135, 139, 25 L. Ed. 807, 808 (1879). When the
> plaintiff knows or has reason to know that he has a cause of action against an
> identifiable defendant and voluntarily sleeps on his rights so long as to permit the
> customary period of limitations to expire, the pertinent considerations of
> individual justice as well as the broader considerations of purpose, coincide to bar
> his action. Where, however, the plaintiff does not know or has reason to know
> that he has a cause of action against an identifiable defendant until after the
> normal period of limitations has expired, the considerations of repose are in
> conflict and other factors may be brought into play. (Citations omitted.) Farrell,
> P. 115.

Yet, in certain circumstances, the limitations prescribed by N.J.S.A. 2A:14-2 may be

extended by the discovery principle. Fernandi v. Strully, 35 N.J. 434 (1961). The Discovery

Rule, as the principle is also known, serves to modify the Statute of Limitations by extending the commencement of accrual of a survival claim until the plaintiff "discovers, or by an exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim". Lopez v. Swyer, 62 N.J. 267, 272 (1973). Thus, if a plaintiff successfully invokes the Discovery Rule, the action is held to accrue when the injured party learned or reasonably should have learned of the existence of "a state of facts which equate in law with a cause of action". Id. Whenever a plaintiff invokes the Discovery Rule in an attempt to preserve an action, "the question as to whether such relief is properly available shall be deemed an issue of the Court rather than a jury", which can be resolved on Motion. Lopez, 62 N.J. at 272.

In the seminal case of Burd v. New Jersey Telephone Co., 76 N.J. 284 (1978) case, the New Jersey Supreme Court rejected the Trial Court's holding that the limitations period does not run until the claimant learns from a lawyer that the facts equate with a legal cause of action. The Burd Court stated:

> It was not our intent [in Lopez v. Swyer] to hold that a claimant's time to sue, for limitations purposes, does not begin to run until he knows or is advised by a lawyer that facts of which he does, or should, reasonably have knowledge, give rise to a legal cause of action against a particular defendant. The Statute of Limitations necessarily imputes conclusively to a claimant knowledge that the law affords or may afford a cause of action on the basis of those facts of injury and causal relationship which in law do evoke a cause of action.

Id. at 291-292 (emphasis in original). Emphasizing the limited circumstances in which the Discovery Rule will be applied to abrogate the established Statute of Limitations, the Burd Court stated:

11

> The discovery principle modifies the conventional limitations rule **only to the extent of postponing the commencement of accrual of the cause of action until plaintiff learns, or reasonably should learn, the existence of that state of facts which may equate in law with a cause of action.** There is no suggestion in any of the leading cases in this area that accrual of the cause of action is postponed until plaintiff learns or should learn the state of the law positing a right of recovery upon the facts already known to or reasonably knowable by the plaintiff.

Id. (emphasis added.)

In the case at bar the plaintiff administrator Shane Gandy gave sworn deposition testimony where, at pages 55 to 66 of his testimony, he explained that on the day his brother was shot (1/22/18), he and the family believed that decedent had not received proper mental health treatment at Inspira, Cumberland County Guidance, and the Crisis Center (Inspira-Bridgeton). Within a month or so of the death, the family had retained counsel to pursue such claims (Exhibit "G", pgs. 55-66). The involvement of Dr. Scheinthal on November 15, 2017 and Dr. Scheinthal and Rogers on January 9, 2018 to January 17, 2018 as criticized by plaintiff's Affidavit of Merit from Dr. Schnaidman are typewritten in both the Inspira chart and CCGC chart (Exhibits "H", "I", and "J").

Moving defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO, were first joined in this suit on September 16, 2021, more than 3 years after the cause of action accrued on January 22, 2018. On its face, plaintiff's claims for survivorship and negligence are barred by the statute of limitations. There is no factual basis for any claim that the discovery rule should serve to toll the Statute of Limitations. Accordingly, the negligence-survival claims against defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO must be dismissed with prejudice.

    **2.    Plaintiff's claims for Wrongful Death Are Barred By The Statute of Limitations**

N.J.S.A. 2A:31-1, is the New Jersey Wrongful Death Act. N.J.S.A. 2A:31-3 provides that actions for wrongful death must be brought within two years after the date of death. The wrongful death statute does not contain the accrual language that is contained in N.J.S.A. 2A:14-2.

The law in the State of New Jersey remains that the discovery rule is not available to toll the Statute of Limitations in a wrongful death case. Presslaff v. Robins, 168 N.J. Super. 543 (App. Div. 1979). The Appellate Division opined that:

> This Statute [N.J.S.A. 2A:31-3, wrongful death act statute of limitations], which fixes a specified objective event to incept the period of time in which an action must be brought is to be contrasted with the general statute of limitations N.J.S.A. 2A:14-2, applicable to negligence actions, which directs the institution of such an action "within two years next after the cause of any such action shall have accrued. The latter falls within the "accrual" category of limitation provisions. It is settled law in this State that the discovery principle is not applicable except in relation to an accrual period of limitations.

Id. At 546. See also Hernandez v. St. James Hosp., 214 N.J. Super. 538, 542 (App. Div. 1986) (concurring that wrongful death action is not subject to discovery rule). The Court distinguished the general Statute of Limitations that applies to all negligence actions, and the Statute of Limitations that applies to wrongful death actions. The Court reasoned that the N.J.S.A. 2A:14-2 (general) contains accrual language whereas N.J.S.A. 2A:31-3 (wrongful death) does not. Rather, N.J.S.A. 2A:31-3 "contains a limitation provision based upon a fixed objective event." Id. at 546. The Presslaff decision has not been overruled overturned with respect to its

holding that the discovery rule does not apply for purposes of the wrongful death statute of limitations.

The Court in <u>LeFage v. Jani</u>, 166 N.J. 412 (2001) declined to overrule <u>Presslaff</u> and declined to utilize the discovery rule to toll the Statute of Limitations. In <u>LaFage</u>, the Court's ruling was based on equitable tolling limited to a minor' claims. Equitable tolling was also utilized to save a widow's claim in <u>Bernoskie v. Zarinsky</u>, 344 N.J. Super. 166 (App. Div. 2001) where the murderer of plaintiff's police officer husband was not arrested for 40 years after his crime, where the crime occurred well before the John Doe pleading was in existence and where NJSA 2A:31-3 had been amended in 2000 to extend the Statute of Limitations indefinitely in such a circumstance. Such exceptional circumstances to permit equitable tolling are clearly not present in the case at bar.

Here the plaintiff was required to assert his claims under the wrongful death act no later than January 22, 2020 (2 years after January 22, 2018 date of death). However, moving defendants were not joined until September 16, 2021, more than 3 years after death and well after the expiration of the statute of limitations. The wrongful death claims against defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO should be dismissed with prejudice.

### 3.   Plaintiff's Causes of Action as to defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO <u>Are Not Saved by Fictitious Party Pleading</u>

As noted in paragraphs 2 and 3 of the Statement of Material Facts, plaintiff in his timely filed Complaint of January 17, 2020 as well as in the First Amended Complaint filed August 27, 2020 did not name as John Does any fictitious individual healthcare providers. Plaintiff only named John and Jane Doe Police Officers, John Doe Corporations and John Doe Entities. The Second Amended Complaint filed September 16, 2021 was when moving defendants and when "John and Jane Does Center for Family Guidance, PC 1-10 (fictitious

14

individuals" were first joined as defendants. Thus, on its face, fictitious pleading under NJ Ct.R. 4:26-4 would not be applicable.

NJ. Ct. R.4:26-4 provides:

> In any action, . . . If the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

According to its plain language, and judicial interpretation, a plaintiff invoking fictitious-party practice must satisfy four requirements. First, the plaintiff must not know the identity of the defendant said to be named fictitiously. R. 4:26-4. Second, the fictitiously-named defendant must be described with appropriate detail sufficient to allow identification. Ibid. Third, a party seeking to amend a complaint to identify a defendant previously named fictitiously must provide proof of how it learned the defendant's identity. Ibid. Fourth, although not expressly stated in the Rule, it is well-settled that the Rule is unavailable to a party who does not act diligently in identifying the defendant. Matynska v. Fried, 175 N.J. 51, 53 (2002); Claypotch v. Heller, Inc., 360 N.J. Super. 472, 479-80 (App. Div. 2003); Mears v. Sandoz Pharms., Inc., 300 N.J. Super. 622, 629-30 (App. Div. 1997). The practice is unavailable to a plaintiff who, through diligence, could have identified a defendant before filing the complaint. Claypotch, supra, 360 N.J. Super. at 479-80; Mears, supra, 300 N.J. Super. at 629. The plaintiff must also diligently seek to identify the defendant before the limitations period has expired or within a reasonable time thereafter. Matynska, supra, 175 N.J. at 53; Mears, supra, 300 N.J. Super. at 629.

The purpose of the rule is "to protect a diligent plaintiff who is aware of a cause of action against a defendant but not the defendant's name, at the point at which the Statute of Limitations

is about to run." Greczyn v. Colgate-Palmolive, 183 N.J. 5, 17-18 (2005). Upon learning the real name of the defendant, the diligent plaintiff may seek permission to file an amended complaint, specifically identifying the defendant who was previously named fictitiously. The filing of the amended complaint relates back to the date of the initial complaint with the fictitiously- named party. "Fictitious-party practice renders the initial filing against the identified but unnamed defendant timely in the first instance, subject only to diligent action by the plaintiff to insert defendant's real name." Id. at 17, n.3.

A showing of diligence is a threshold requirement for resort to fictitious-party practice. Matynska , supra, 175 N.J. at 53 (referring to the "due diligence threshold"). Moreover, in limited circumstances, prejudice to a defendant may be considered in evaluating whether a plaintiff has acted diligently. See Claypotch, supra, 360 N.J. Super. at 480. In addition, a party seeking to invoke fictitious-party practice bears the burden of demonstrating compliance with the rule. See Giovine v. Giovine, 284 N.J. Super. 3, 38 (App. Div. 1995) (Skillman, J.A.D., concurring and dissenting) ("A party who seeks to avoid the bar of a Statute of Limitations by invocation of the discovery rule or other comparable doctrine has the burden of proof." (Citing Lopez v. Swyer, 62 N.J. 267, 276 (1973))).

In this case none of the requirements for fictitious pleading were met. Fictitious individual healthcare providers were not even named before the Second Amended Complaint was filed. Moreover, identity and involvement of moving defendants which is the basis for the claims against them are denoted in the typewritten records in the Inspira chart and CCGC chart. Plaintiff, Shane Gandy testified he was aware from the outset of decedent's care at Inspira yet inexplicably, neither he nor his counsel requested the records before filing suit. Per Matynska, the fictitious pleading rule will not protect a plaintiff who had ample time to discover the unknown defendant's identity before the running of the statute of limitations. Rule 4:26-4 may only be utilized where the plaintiff does not know or have reason to know the identity of a party.

Plaintiff thus cannot claim the benefit of the fictitious pleading rule to save his survival act, negligence or wrongful death act claim. Accordingly, all claims and crossclaims against defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO should be dismissed with prejudice.

**4.   Plaintiff's Claims Are Not Saved by FRCP 15(c) Relation Back**

**FRCP 15 (c) provides:**

**(c) Relation Back of Amendments.**

(1)    When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose of the conduct, transaction or occurrence set out – or attempted to be set out—in the original pleading or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment

(i) received such notice of the action it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the party's identity

Subpart (A) is inapplicable for the reasons previously stated. Subpart (B) is inapplicable because it is not a new claim or defense being asserted. The potentially applicable subpart to defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO, is Subpart (C).

FRCP 4(m) requires that service be made within 90 days. Plaintiff's Second Amended Complaint joining moving defendants was filed September 16, 2021. However, moving defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO, did not receive notice of the

pendency of this action until being served on July 29, 2022 and August 2, 2022 respectively (Exhibits "E" and "F"). And in this case there was no mistake in identity. Rather plaintiff apparently elected to join moving defendants after belatedly requesting and reviewing the relevant Inspira and/or CCGC records. There is no basis for the application of Relation Back to save plaintiff's claim against defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO.

### IV. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS, Stephen Marc Scheinthal, DO and James J. Rogers, DO, ARE BARRED FOR FAILURE TO MEET THE NOTICE REQUIREMENTS OF THE NEW JERSEY TORT CLAIMS ACT N.J.S.A 59:8-8 AND N.J.S.A 59:8-9 <u>AND THUS SUMMARY JUDGMENT SHOULD BE GRANTED</u>

The New Jersey Tort Claims Act, in particular NJSA 59:8-8, states as follows:

> " A claim relating to a cause of action for death or for injury or damage to a person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant <u>shall be forever barred</u> from recovering against a public entity or public employee if:
>
> a. The claimant failed to file the claim with the public Entity within 90 days of accrual of the claim except as otherwise provided in N.J.S.59:8-9; or
> b. Two years have elapsed since the accrual of the claim . . ."

(emphasis added).

<u>N.J.S.A.</u> 59:8-9 which is referenced in <u>N.J.S.A.</u> 59:8-8(a) states in pertinent part that a claimant who fails to file a Notice of Claim within ninety (90) days may, in the discretion of a Judge of the Superior Court, be permitted to file such a Notice at any time <u>within one (1) year</u> after the accrual of his claim, provided that the public entity or public employee has not been

18

substantially prejudiced thereby. The application to the Court for permission to file a late Notice of Claim shall be made upon Motion, supported by affidavits based upon personal knowledge of the affiant, showing sufficient reasons constituting extraordinary circumstances for failure to file a Notice of Claim, within the period of time prescribed by N.J.S.A. 59:8-8(a), or to file a motion seeking leave to file a late Notice of Claim within a reasonable period of time thereafter.

It is well established that the filing of a Complaint does not constitute substantial compliance with the Title 59 notice requirement. See, Guzman v. City of Perth Amboy, 214 NJ Super 167, 172 (App Div 1986).

Moreover, once the one (1) year period, provided by N. J.S.A. 59:8-9, in which to file a late Notice of Claim has elapsed, the Court lacks jurisdiction to extend the period for filing of such a Notice of Claim. Feinberg v. State, 265 NJ Super 218, 219 (App Div 1993); rev' d on other grounds, 137 NJ 126 (1994); Iaconinni v. New Jersey Turnpike Authority, 236 NJ Super 294, 298 (App Div 1989), cert denied, 121 NJ 592 (1990); Pilonero v. Township of Old Bridge, 236 NJ Super 529, 532-535 (App Div 1989); Hill v. Middletown Board of Education, 183 NJ Super 36 (App Div 1982), cert denied, 91 NJ 233 (1982).

The law is clear that once the one (1) year time limit for filing a Notice of Claim against a public entity or a public employee under the New Jersey Tort Claims Act has passed, the Court cannot allow late notice and thus, cannot consider extraordinary circumstances or potential prejudice. David v. Township of Paulsboro, 371 F Supp 2d 611, 618 (DNJ 2005). The Courts are without jurisdiction to permit late notice under NJSA 59:8-9 after the expiration of one (1) year after the accrual of cause of action. See, Fuchilla v. Layman, 210 NJ Super 574, 577-78 (App Div 1987) affirmed, 109, NJ 319 (1988), cert denied 488 US 826.

year after the accrual of cause of action.  See, <u>Fuchilla v. Layman</u>, 210 NJ Super 574, 577-78

(App Div 1987) *affirmed*, 109, NJ 319 (1988), *cert denied* 488 US 826.

The standard to be met under <u>N.J.S .A.</u> 59:8-9 is " extraordinary circumstances" for

failure to file the notice of claim within 90 days or a motion for leave to file a late notice of claim

within a reasonable time thereafter up to a year.  There are no " extraordinary circumstances"

present in this case to justify relieving plaintiff from the notice provisions of the New Jersey Tort

Claims Act. <u>See, Montanano v. County of Hudson</u>, 2022 NJ Super Unpub LEXIS 1324 (App Div

2022) (Exhibit "L").

As cautioned by the New Jersey Supreme Court, in <u>DD v. UMDNJ</u>, 213 NJ 130, 148-149

(2013) where the Court reversed the Trial Court' s granting of a motion for late tort claim notice

as an abuse of discretion:

> It is moreover, in this setting and in the larger context of the clear
> legislative intent that the waiver of sovereign immunity be limited,
> that trial courts are authorized to exercise their discretion to grant
> such leave. The Legislature' s grant of authority to trial courts to
> permit a late notice in the exercise of their discretion does not
> equate with a grant of authority to override the statute' s
> declaration of purpose or to substitute a lesser standard of proofs
> for the extraordinary circumstances demanded by the 1994
> amendment to the statute itself.  Trial courts, in exercising their
> statutory authority, and the appellate courts, in reviewing those
> decisions, must ensure that their decisions are faithful to the
> overall legislative framework in order that the statute' s essential
> purposes be preserved and not eroded through excessive or
> inappropriate exceptions.  Courts faced with applications for leave
> to file a late notice of claim, therefore, must proceed with their
> evaluation mindful of the Legislature' s direction that the proofs
> demonstrate circumstances that are not merely sufficient, but that
> they instead be extraordinary.  <u>Id</u>.

As it applies to this case, plaintiff's claims accrued January 22, 2018 when the decedent was shot and killed and the family believed fault rested with the police and mental health providers. As reflected in defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO. Certifications (Exhibit "E" and "F"), during all relevant times, moving defendants were employed by and performing services as NJ State employees.

It is undisputed that plaintiff did not file a Notice of Claim, within 90-days of the accrual date, as required by N.J.S.A. 59:8-8. It is also undisputed that plaintiff never filed a Motion for Leave to File a Late Notice of Claim, within one-year of the accrual date, as required by N.J.S.A. 59:8-9. Plaintiff has only filed the Complaint, initiating this action.

Therefore, pursuant to the clear statutory language and the case law cited above, plaintiff must be forever barred from raising any claim as to moving defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO. Consequently, plaintiff's Complaint, as to moving defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO must now be dismissed, with prejudice, as a matter of law for failure to comply with the New Jersey Tort Claims Act.

## CONCLUSION

Wherefore, for all the foregoing reasons, it is respectfully requested that defendants, Stephen Marc Scheinthal, DO and James J. Rogers, DO Motion to Dismiss Pursuant to FRCP 12(b)(2), 12(b)(5), 12(b)(6) and/or Summary Judgment be granted dismissing all claims and crossclaims with prejudice. However, this should not preclude the defendants who are in this case from seeking an apportionment of liability as to Stephen Marc Scheinthal, DO and James J. Rogers, DO under the joint tortfeasor's contribution act so that the remaining defendants only have to ultimately pay the percentage share of liability assessed against them by the jury at trial

21

pursuant to the guidance of <u>Burt v. West Jersey Health System,</u> 339 NJ Super 296 (App Div 2001) and <u>Jones v. Moreys Pier, Inc.</u>, 230 NJ 142, 161-164 (2017).

**STAHL & DELAURENTIS, P.C.**

Date: 9-20-22          BY: _Sharon K Galp_

Dominic A. DeLaurentis, Jr., Esquire
**ATTY I.D. #: 025291984**
Sharon K. Galpern, Esquire
**ATTY I.D. #: 020211988**
Attorney for Defendants, Stephen Marc
Scheinthal, DO and James J. Rogers, DO
10 E. Clements Bridge Road
Runnemede, NJ 08078
(856) 380-9200