UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING &<br>U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 6050<br>CAMDEN, NJ 08101<br>856-757-5167 |

October 7, 2022

**VIA CM/ECF**

Andrew Brian Smith
SMITH & SCHWARTZSTEIN LLC
4 Chatham Road, Suite 1
Summit, NJ 07901

Conrad J. Benedetto
THE LAW OFFICES OF CONRAD J. BENEDETTO
1615 S. Broad Street
Philadelphia, PA 19148

A. Michael Barker
Jeffrey Paul Sarvas
BARKER, GELFAND & JAMES
Linwood Greene
210 New Road, Suite 12
Linwood, NJ 08221

Mitchell S. Berman
MITCHELL S. BERMAN LLC
1179 East Landis Avenue
Vineland, NJ 08362-1120

Michael G. Halpin
GROSSMAN & HEAVEY
1608 Highway 88 West, Suite 200
Brick, NJ 08721

Colin J. O'Brien
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103

Dominic A. Delaurentis, Jr.
STAHL & DELAURENTIS, PC
10 E. Clements Bridge Road
Runnemede, NJ 08078

Ryan Notarangelo
DUGHI, HEWITT & DOMALEWSKI, PC
340 North Ave.
Cranford, NJ 07016

**LETTER OPINION**

Re:   **The Estate of Edward C. Gandy, Jr.** *et al.* **v. City of Millville** *et al.*
      **Civil Action No. 20-00641**

Dear Counsel:

This matter comes before the Court on three Motions to Dismiss by Defendants Christal Hardin, R.N., (ECF No. 85), Victoria Eligulashvili, M.D., (ECF No. 121), and Stephen Marc Scheinthal, DO, and James J. Rogers, DO, (ECF No. 125), (collectively "Moving Defendants") seeking the dismissal of Plaintiffs' Third Amended Complaint in its entirety. The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendants' Motions are **GRANTED**.

## I. Factual Background and Procedural History

This case arises from the death of Edward Gandy, who was shot by police on January 22, 2018. Plaintiffs filed their initial Complaint on January 17, 2020, alleging a violation of Mr. Gandy's civil rights and state law claims against the city of Millville, the Millville Police Department, individually named police officers and unnamed John Doe police officers, Cumberland County Guidance Center, Cumberland County Mental Health & Crisis Screening Facility, and John Doe Corporations and Entities. (ECF No. 1).

Plaintiffs first amended their complaint on August 27, 2020, adding "Inspira Health Center Bridgeton, Mental Health Unit, Inspira Medical Center" as defendants. (ECF No. 20). Over a year later, on September 16, 2021, Plaintiffs filed their Second Amended Complaint, (ECF No. 58), adding "John and Jane Does Center for Family Guidance, P.C. 1–10," Defendant Stephen Marc Scheinthal, DO, and Defendant James J. Rogers, DO. In Plaintiffs' Third (and final) Amended Complaint filed on November 23, 2021, (ECF No. 71), Plaintiffs added Defendants Christal Hardin, R.N., and Victoria Eligulashvili, M.D.

The Moving Defendants filed Motions to Dismiss, (ECF Nos. 85, 121, 125), now before the Court.

## II. Legal Standard

A party may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks and citation omitted). In other words, the Court may dismiss the complaint "only [if] the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

## III. Discussion

The Moving Defendants contend that Plaintiffs' claims are barred by the statute of limitations. Wrongful death and survivorship actions must be commenced within two years.[1] N.J.S.A. 2A:31-3 (actions for wrongful death must be brought within two years of death); *Warren v. Muenzen*, 448 N.J. Super. 52, 64–69 (App. Div. 2016) (survivorship actions for medical malpractice must be brought within two years of the injury or its discovery); *see LaFage v. Jani*, 166 N.J. 412, 420 (2001). Plaintiffs brought claims against Defendants Stephen Marc Scheinthal, DO, and James J. Rogers, DO, in the Second Amended Complaint filed on September 16, 2021, (ECF No. 58), and against Defendants Christal Hardin, R.N., and Victoria Eligulashvili, M.D., in the Third Amended Complaint on November 23, 2021, (ECF No. 71).

---

[1] The parties all apply New Jersey law and thus the Court will assume for the sake of these Motions that New Jersey law governs Plaintiffs' claims.

Plaintiffs contend that the claims were timely because (1) the discovery rule tolled the statute of limitations and (2) the fictitious party practice rule related the claims in the Second and Third Amended Complaint back to the original Complaint which was filed January 17, 2020. The two rules on which Plaintiffs rely both toll the statute of limitations but in different circumstances: the discovery rule applies when a plaintiff is unaware of her injuries or of the culpability of another, while the fictitious party practice rule applies when a plaintiff is unaware of the true identity of a defendant. *Viviano v. CBS, Inc.*, 101 N.J. 538, 547 (1986). The Court finds that Plaintiffs cannot avail themselves of either.

First, Plaintiffs cannot avail themselves of the discovery rule because they should have been able to ascertain the Moving Defendants' culpability in a timely manner.[2] "The discovery rule is essentially a rule of equity." *Szczuvelek v. Harborside Healthcare Woods Edge*, 182 N.J. 275, 281 (2005) (quoting *Lopez v. Swyer*, 62 N.J. 267, 273 (1973)). "The rule 'provides that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim.'" *Id.* (citing *Lopez*, 62 N.J. at 272) (alteration in original). Plaintiffs concede that they had Mr. Gandy's medical records—which included the names of the Moving Defendants—at the time of the filing of the original complaint,[3] and, thus, the Court finds that reasonable inquiry and diligence should have led them to discover the Moving Defendants' culpability in a timely manner.

The Supreme Court of New Jersey addressed a nearly identical situation in *Matynska v. Fried*, a medical malpractice case where a plaintiff sought to amend her complaint to add a previously unnamed doctor. 175 N.J. 51, 52 (2002). The doctor's name appeared twice in the medical records but the plaintiff argued that the cause of action did not accrue because the "vague references" in the medical records did not disclose the doctor's role. *Id.* at 52–53. The Court rejected that argument and found that if the plaintiff had undertaken adequate investigation—for example a cursory call to the hospital—she would have discovered the doctor's culpability. *Id.* The Court concluded by reiterating that the onus is on the plaintiff to "investigate all potentially responsible parties in a timely manner." *Id.* at 53–54.

The Court sees no meaningful distinction between this case and *Matynska*. Plaintiffs' argument that the medical records are "messy, confusing, and missing key elements,"[4] is unavailing in light of the fact that the records clearly named all four Moving Defendants multiple times. The Court finds that had Plaintiffs fulfilled their obligation to investigate, Plaintiffs could

---

[2] Because "accrual of a wrongful death or survivor cause of action will not be postponed by virtue of the discovery rule," the Court will analyze only whether Plaintiffs may utilize the discovery rule to toll the statue of limitations for their negligence claim. *Andro v. Union Carbide Corp.*, No. 13-5249, 2014 WL 1371713, at *2 (D.N.J. Apr. 8, 2014) (collecting cases discussing same).

[3] (Pla. Resp. to Def. Scheinthal and Rogers' Motion to Dismiss, ECF No. 127 at 14).

[4] (Pla. Resp. to Def. Scheinthal and Rogers' Motion to Dismiss, ECF No. 127 at 16).

have adduced the Moving Defendants' culpability in a timely manner. If there was any question as to the identity of the Moving Defendants' or their role in the matter, Plaintiffs could have easily sought to take a deposition of a designated representative or other individual to ascertain that information. They failed to do so.

Second, Plaintiffs cannot avail themselves of the fictitious party practice rule because the names of the Moving Defendants were not unknown to Plaintiffs, nor did Plaintiffs adequately describe the fictitious parties. New Jersey's fictitious party practice rule provides that "[i]n any action . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J. CT. R. 4:26-4; L. CIV. R. 83.3. This rule requires that "[a] specific claim must be filed against a described, though unnamed party, within the statute of limitations and plaintiff must diligently seek to identify the fictitiously named defendant." *Greczyn v. Colgate-Palmolive*, 183 N.J. 5, 11 (N.J. 2005).

At the outset, the situation Plaintiffs allege is not one for which the fictitious party practice rule provides a remedy. The Moving Defendants' true names were not unknown to Plaintiffs—they were clearly and legibly listed in the medical records multiple times. Knowing the Moving Defendants' names, Plaintiffs had ample opportunity to investigate the extent of their participation in Mr. Gandy's care.

Further, even if this were a situation where the fictitious party practice rule applied, Plaintiffs did not sufficiently describe the unnamed parties. *Carroll v. SetCon Indus. Inc.*, No. 10-04737, 2011 WL 736478, at *3 (D.N.J. Feb. 23, 2011) ("The [fictitious party practice rule] explicitly requires the plaintiff . . . to add an 'appropriate description sufficient for identification' of the unknown party."). In their original Complaint, (ECF No. 1), Plaintiffs name only John and Jane Doe police officers, corporations, and entities.[5] That is simply not sufficient to allege that any medical providers were responsible for the death of Mr. Gandy or to express any intent to bring a cause of action against a medical provider who was involved in Mr. Gandy's care.

In conclusion, Plaintiffs' claims against the Moving Defendants Christal Hardin, R.N., Victoria Eligulashvili, M.D., Stephen Marc Scheinthal, DO, and James J. Rogers, DO, are barred by the statute of limitations and cannot be saved by the discovery rule or the fictitious party practice rule. As such, the Moving Defendants' arguments that Plaintiffs failed to make timely service of the summons and complaint as an alternate basis for dismissal are moot.

---

[5] The first time Plaintiffs name fictitious medical providers is in their Second Amended Complaint, (ECF No. 58), where they add "John and Jane Does Center for Family Guidance, P.C. 1–10." The Court need not evaluate the sufficiency of this allegation however because even if Plaintiffs could relate back to the Second Amended Complaint, that Complaint is not timely and would not cure their deficiency.

### IV. Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss, (ECF Nos. 85, 121, 125), are **GRANTED**, and all claims against Defendants Christal Hardin, R.N., Victoria Eligulashvili, M.D., Stephen Marc Scheinthal, DO, and James J. Rogers, DO, are **DISMISSED with prejudice**. An appropriate Order will be entered.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**