[D.I. 190]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE ESTATE OF EDWARD C. GANDY, JR., by and through its Administrator ad Prosequendum, Shane S. Gandy and SHANE S. GANDY, in his own right,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF MILLVILLE, et al.,<br><br>    Defendants. | Civil No. 20-641 (AMD) |

## ORDER APPROVING ALLOCATION OF SETTLEMENT AND DISTRIBUTION OF SETTLEMENT PROCEEDS

This matter comes before the Court on the application [D.I. 190] of Plaintiffs, The Estate of Edward C. Gandy, Jr., by and through its administrator *ad prosequendum*, Shane S. Gandy, and Shane S. Gandy in his own right, for approval of a settlement allocation. The parties have consented to this Court resolving this case pursuant to 28 U.S.C. § 636(c). The Court has considered the submissions of Plaintiffs, including the supplemental submissions dated February 21, 2023 [D.I. 197] and April 8, 2024 [D.I. 203], and decides this matter pursuant to Federal Rule of Civil Procedure 78. The Court notes that Defendants Inspira Inpatient Adult Behavioral Health, Bridgeton, Inspira Medical

1

Center, and Inspira Health Center Bridgeton (hereinafter, the "Inspira Defendants") filed a letter stating that they have no opposition to the motion. (*See* Letter from Michael G. Halpin, Esq. [D.I. 198], Mar. 15, 2024.) For the reasons that follow and for good cause shown, Plaintiffs' motion shall be granted.

By way of background, the complaint in this matter was filed on January 17, 2020 by Shane Gandy, as the Administrator *ad prosequendum* of the Estate of Edward C. Gandy, Jr. and in his own right, arising out of the death of his brother, Edward C. Gandy, Jr. Generally, Plaintiffs contend that Defendants violated Edward C. Gandy, Jr.'s rights when he was "mortally wound[ed]" by Millville police officers on January 22, 2018. (*See* Third Am. Compl. [D.I. 71], pp. 2, 7, ¶¶ 2, 48.) Plaintiffs allege moreover that Edward C. Gandy, Jr. received mental health treatment and care from several named defendants, including Inspira Medical Center, Inspira Health Center Bridgeton, Mental Health Unit, and Marie Hasson, M.D., in the days prior to his death and that these defendants "improperly discharged decedent, despite his mental health condition" from a mental health facility. (*Id.* at pp. 3-4, 7-8, ¶¶ 18-20, 52.) Plaintiffs further assert that Edward C. Gandy, Jr.'s death was the result of these defendants' negligence because they purportedly "failed to provide Edward C. Gandy, Jr. with proper treatment and care for his mental health condition and suicidal tendencies while he was in their care, and to keep him

2

safe from injury, harm and death." (*Id.* at p. 20, ¶ 127.) In addition to state law claims for negligence, Plaintiffs assert against these defendants claims for wrongful death and survival. (*Id.* at pp. 17-18, 21-22, ¶¶ 113-119, 130-135.)

Following dispositive motion practice, the only remaining claims in this case were a claim by Plaintiffs against Inspira Medical Centers, Inc. for vicarious liability based on the alleged wrongful conduct of defendant Dr. Hasson and crossclaims against the co-defendants. (*See* Op. [D.I. 168], Aug. 28, 2023, p. 7 n.3; Text Order [D.I. 179], Oct. 17, 2023.) Defendant Inspira Medical Centers, Inc., which was pled and/or referred to as "Inspira Health Center Bridgeton, Mental Health Unit," "Inspira Inpatient Adult Behavioral Health, Bridgeton," "Inspira Health Center Bridgeton, Mental Health Unit (a/k/a Inspira Mental Health)," "Inspira Medical Center," and "Inspira Outpatient Adult Behavioral Health, Bridgeton," subsequently stipulated to dismissal of all crossclaims against Defendants City of Millville, Chief of Police Jody Farabella, Police Officer Colt Gibson, Dr. Stephen Marc Scheinthal and Dr. James J. Rogers, DO. (*See* Order of Dismissal of Crossclaims with Prejudice [D.I. 192], Nov. 20, 2023.) In light of the dismissal of such claims, the only remaining claims at this time are Plaintiffs' vicarious liability claim against the Inspira Defendants and the Inspira Defendants' crossclaims against Defendants Center for Family Guidance and Dr. Hasson. The parties

3

participated in a settlement conference with the Court on October 25, 2023 and have reached a settlement of all remaining claims.

In the present motion for settlement allocation, Plaintiff Shane Gandy notes that Edward C. Gandy, Jr. was never married, had no children and died intestate. (Cert. of Shane Gandy in Supp. of Mot. for Approval of Allocation (hereinafter, "Gandy Cert.") [D.I. 203], Apr. 8, 2024, p. 2, ¶¶ 3-4.) Shane Gandy represents that he is the administrator *ad prosequendum* of the Estate of Edward C. Gandy, Jr. (*Id.* at p. 2, ¶ 2.) Shane Gandy further represents that he previously settled with Defendant Cumberland County Guidance Center for $17,500 and subsequently settled the claim against the Inspira Defendants during a settlement conference for $45,000. (*Id.* at p. 2, ¶¶ 6-9.) Shane Gandy states that he consulted with his sister regarding the amount of the settlement and that his mother, Kathryn Gandy, who is the sole beneficiary of the estate, consents to the amount of the settlement. (*Id.* at p. 2, ¶¶ 5-8.) Plaintiffs propose that all settlement funds be allocated as wrongful death damages, noting that the decedent, Edward C. Gandy, Jr., "died immediately after being shot by police officers" and "did not suffer from his injuries for very long, if at all, before passing away." (*See* Letter from Andrew B. Smith, Esq. [D.I. 197], Feb. 21, 2024, pp. 1-2.) Plaintiffs also represent that the estate has no debts and

4

that the decedent's mother "lost the support and care of her son[.]" (*Id.* at p. 2.)

With respect to the settled claims in this case, New Jersey state substantive law governs such claims. Under the New Jersey Wrongful Death Act, damages are awarded for "the pecuniary injuries resulting from such death, together with the hospital, medical and funeral expenses incurred for the deceased, to the persons entitled to any intestate personal property of the decedent[.]" N.J. STAT. ANN. § 2A:31-5. These pecuniary damages include "the economic contributions of which [the survivors] have been deprived by virtue of the death" of the decedent and, in addition to future financial contributions, "'the lost 'value' of services such as companionship and care . . . and the loss of advice, guidance and counsel.'" *Beim v. Hulfish*, 83 A.3d 31, 41-42 (N.J. 2014)(quoting *Johnson v. Dobrosky*, 902 A.2d 238, 247 (N.J. 2006)). A wrongful death action provides a cause of action to the decedent's heirs for their "direct losses as a result of their relative's death due to the tortious conduct of another." *Aronberg v. Tolbert*, 25 A.3d 1121, 1125 (N.J. 2011).

Under the New Jersey Survival Act, "[i]n those actions based upon the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he had lived, the . . . administrator ad prosequendum may recover all reasonable funeral and burial

5

expenses in addition to damages accrued during the lifetime of the deceased." N.J. STAT. ANN. § 2A:15-3(a)(1). A survival action preserves a cause of action "'which the deceased himself would have had[] to redress his own injuries'" and thus belongs to the estate of the decedent. *Aronberg*, 25 A.3d at 1124 (internal citation omitted).

As set forth above, Plaintiffs represent that the decedent died immediately upon being shot by police officers and therefore suffered little to no pain. Plaintiffs thus contend that Edward C. Gandy, Jr. had no survival damages. Plaintiffs further state that the decedent's mother lost the support and care of her son and is consequently entitled to wrongful death damages. The Court also notes Plaintiffs' representation that the estate has no liens, that the decedent's mother is the sole beneficiary of the estate, and that the decedent's mother will therefore receive all of the settlement proceeds regardless of whether the proceeds are allocated as wrongful death damages or survival damages. The Court finds that the proposed allocation of all settlement proceeds to the wrongful death claim is fair and reasonable in light of Shane Gandy's statement concerning his mother's dependency and relationship with her son, as well as the representations that there are no survival damages.

In considering the reasonableness of the expenses sought by Plaintiffs' counsel, Plaintiffs represent that the expenses

6

incurred in this action total $23,262.39, comprised of $22,359.39 incurred by Plaintiffs' present counsel and $903 incurred by Plaintiffs' prior counsel, Conrad Benedetto, Esq. (Gandy Cert., pp. 3-4, ¶¶ 14, 16.) Plaintiffs provided an itemized invoice of expenses incurred by present counsel and a receipt number and check number associated with prior counsel's expenses. The expenses incurred by Plaintiffs' present counsel relate to court reporter fees for depositions, expert reports, mailings and PACER fees. (*See* Cert. of Shane Gandy [D.I. 190-2], Ex. A.) The expenses incurred by Plaintiffs' prior counsel are labeled as a $400 filing fee to initiate this action and a $503 expense for service of process. (Gandy Cert., pp. 3-4, ¶ 16.) The Court finds the expenses incurred by counsel on behalf of Plaintiffs are fair and reasonable.[1]

Counsel for Plaintiffs also seeks attorneys' fees in the amount of $13,079.20, which represents 33 1/3% of the net settlement amount. In this regard, of the total $62,500 settlement, after subtracting the foregoing approved expenses, the net settlement amount is $39,237.61 and the requested fee is 33 1/3%

---

[1] The Court notes, however, that Plaintiffs' prior counsel has been temporarily suspended from the practice of law before this Court. (*See* Order for Temporary Suspension and Order to Show Cause [D.I. 7 in Civil No. 8:23-cv-1702, May 30, 2023.) Accordingly, the Court will direct Plaintiffs' present counsel to hold in his attorney trust account those funds to be paid to prior counsel until such time as Plaintiffs' counsel has addressed to the Court the manner of disbursement in light of prior counsel's temporary suspension.

7

of this net amount. As set forth above, Shane Gandy, as administrator *ad prosequendum* of the Estate of Edward C. Gandy, Jr., filed a certification confirming that his fee agreement with present counsel provides that counsel is to receive one-third of any amounts obtained in this matter. (Gandy Cert., p. 3, ¶ 12.) The Court finds that the contingency fee sought by Plaintiffs' counsel is consistent with New Jersey Court Rule 1:21-7, which provides that "[i]n any matter where a client's claim for damages is based upon the alleged tortious conduct of another . . . an attorney shall not contract for, charge, or collect a contingent fee in excess of the following limits: . . . 33 1/3% on the first $750,000 recovered[.]" N.J. Ct. R. 1:21-7(c)(1). The fee is also consistent with New Jersey Court Rule 1:21-7 insofar as the fee is calculated on the net amount of the settlement. N.J. Ct. R. 1:21-7(d)("The permissible fee provided for in paragraph (c) shall be computed on the net sum recovered after deducting disbursements in connection with the institution and prosecution of the claim[.]"). The Court therefore finds the proposed fee to Plaintiffs' present counsel is fair and reasonable.

After deducting the expenses and attorney's fees set forth above, the remaining amount to be paid to Plaintiffs is $26,158.41. As discussed *supra*, Shane Gandy represents that he and his sister agree to the settlement amount and that their mother, the sole beneficiary of the estate, also consents to the

settlement.[2] (*Id.* at p. 2, ¶¶ 7-8.) The distribution, consequently, shall be as follows. From the settlement amount of $62,500, the following amounts shall be paid or have already been paid: $23,262.39 to Smith + Schwartzstein LLC for expenses,[3] which includes $903 for the expenses incurred by Conrad J. Benedetto, Esq.,[4] and $13,079.20 to Smith + Schwartzstein LLC for attorney's fees. The remaining settlement proceeds in the amount of $26,158.41 shall be paid to Kathryn Gandy, which shall be allocated entirely to the wrongful death claim.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this **10th** day of **April 2024**,

**ORDERED** that Plaintiffs' motion [D.I. 190] for settlement allocation shall be, and is hereby, **GRANTED**; and it is further

---

[2] The Court notes that Shane Gandy, in addition to serving as administrator *ad prosequendum* on behalf of the Estate of Edward C. Gandy, Jr., is also named as a plaintiff in his own right in the caption of the Third Amended Complaint. However, Shane Gandy has confirmed that he "is not seeking any portion of the settlement proceeds in connection with the claims [he] asserted in the complaint" and agrees to dismissal of any individual claims asserted. (Gandy Cert., p. 4, ¶ 18.)

[3] Plaintiffs represent that $10,000 of this amount has already been disbursed to Smith + Schwartzstein LLC, and therefore only $12,359.39 shall be disbursed to Plaintiffs' counsel as expenses at this time. (*See* Gandy Cert., p. 3, ¶ 15.)

[4] As discussed above, this amount is to be held in present counsel's attorney trust account at this time.

9

**ORDERED** that the following amount shall be deducted from the gross settlement: a check in the amount of $25,438.59 to Smith + Schwartzstein LLC, which consists of $12,359.39 in expenses (the additional $10,000 having previously been disbursed to counsel) and counsel fees in the amount of $13,079.20 (33 1/3% of net after expenses); and it is further

**ORDERED** that $26,158.41 shall be allocated to the wrongful death claim and shall be distributed to Kathryn Gandy; and it is further

**ORDERED** that the Smith + Schwartzstein LLC shall hold in its attorney trust account the remaining $903 due to Conrad J. Benedetto, Esq. until such time as Plaintiffs' counsel has addressed to the Court disbursement of such funds in light of prior counsel's temporary suspension from the practice of law; and it is further

**ORDERED** that the parties shall file a stipulation of dismissal within thirty days of the date of this Order; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate the case at this time.

    s/ Ann Marie Donio
    ANN MARIE DONIO
    UNITED STATES MAGISTRATE JUDGE